UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BRANDA KORNEGAY                                                                                PLAINTIFF

V.                                                                   CIVIL ACTION NO.: 4:11CV112 DPJ-FKB

TERRY LARABEE, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, AND MERIDIAN PUBLIC SCHOOL DISTRICT                       DEFENDANTS

ORDER

This discrimination action is before the Court on Defendants' "Motion to Dismiss and Immunity Defense Motion Per Local Rule 16(b)[1](C)(3)" [11]. Plaintiff Branda Kornegay responded in opposition and conceded many of her claims. Having considered the parties' submissions on the remaining issues, along with the pertinent authorities, the Court finds the motion should be granted in part and denied in part as set forth herein.

I.      Facts and Procedural History

Defendant Meridian Public School District (MPSD) hired Branda Kornegay—who is an African-American female—in June 2008 to serve as the assistant principal of exceptional education at Meridian High School. In April 2010, Defendant Terry Larabee, interim superintendent of MPSD, notified Kornegay that her contract for the 2010–2011 school year would not be renewed for budgetary reasons. Kornegay applied for other jobs with MPSD, but MPSD filled the positions with applicants Kornegay considered "less qualified"—to include white males, white females, and an African-American male. Pl.'s Compl. [1] ¶ 14.

According to Kornegay, she has a history of conflict with Larabee. She explains that when Larabee served as the district's director of exceptional education services, he instructed Kornegay to remove a student's personal assistant contrary to that student's Individual Educational Plan (IEP). Kornegay refused, believing that changing the IEP would violate

federal law. She felt Larabee retaliated against her for the refusal (though she does not specify how), and she complained to her principal and then-superintendent Charlie Kent. *Id.* ¶ 15.

Kornegay rejects MPSD's explanation that her position was "eliminated as a result of the reduction in force" and further contends that she "was not hired for the vacant positions due to her race and sex and in retaliation" for complaining about Larabee. *Id.* ¶ 16. Her Complaint contains claims of race and sex discrimination in violation of Title VII and 42 U.S.C. § 1981, a claim of retaliation for exercising her First Amendment rights, and various state-law claims. Defendants filed the instant motion, seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) and invoked qualified immunity as to Larabee. The Court has subject matter jurisdiction.

II.     Rule 12(b)(6) Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Iqbal*, 129 S. Ct. at 1965).

III.  Analysis

   A.  State Law Claims

In response to Defendants' motion, Kornegay conceded to dismissal of all state-law claims. Defendants' motion is therefore granted as to those claims.

   B.  Title VII

Kornegay also conceded that Larabee is not a statutory employer for purposes of her Title VII race and sex discrimination claims. Dispute remains, however, over Kornegay's Title VII claims against MPSD. On this issue, MPSD argues that Kornegay failed to adequately plead a *prima facie* case because she was neither discharged nor replaced by someone outside her protected classes. Defs.' Reply [18] at 3. But Defendants cite the wrong test. "To establish a *prima facie* case of intentional discrimination in a reduction-in-force case, [Kornegay] must show the following: (1) she is a member of a protected group; (2) she was adversely affected by the employer's decision; (3) she was qualified for another position at the time of discharge; and (4) there is sufficient evidence, either circumstantial or direct, from which a fact finder may reasonably conclude that the employer intended to discriminate in taking the adverse

employment action." *Okon v. Harris Cnty. Hosp. Dist.*, 426 F. App'x 312, 315 n.5 (5th Cir. 2011) (citing *Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 252 (5th Cir. 1996)).

Here, Kornegay has sufficiently pleaded each element. As to the final element, she alleged that (1) the board changed its reduction-in-force policy around the time the eliminations occurred, relieving itself of the obligation to place employees in comparable positions; (2) African-Americans held the three positions that "purportedly were eliminated by the board"; and (3) she applied for numerous positions within MPSD without success and was passed over for less qualified applicants.[1]  Pl.'s Compl. [1] ¶¶ 12, 13, 14. Accepting all pleaded facts as true, dismissal at this stage is inappropriate. Plaintiff's Title VII claims will go forward as to MPSD.

C.     Section 1981

Kornegay also claims that MPSD and Larabee, in his official and individual capacities, discriminated against her because of her race and sex in violation of 42 U.S.C. § 1981. To the extent Defendants argue that Kornegay failed to allege sufficient facts to support her race and sex discrimination claims—whether asserted under Title VII or § 1981—that argument is rejected for the reasons stated above. *See Saucedo-Falls v. Kunkle*, 299 F. App'x 315, 323 (5th Cir. 2008) (noting that the proof for Title VII and § 1981 claims is essentially the same).

Turning more specifically to Larabee, Defendants contend in reply that he is entitled to qualified immunity against the race and sex claims. But that position was unclear from Defendants' initial motion and memorandum, wherein they generally discussed the legal analysis applicable to qualified immunity, specifically referenced the First Amendment retaliation claim,

---

[1] It is not clear whether Kornegay pleaded a separate discriminatory failure-to-hire claim, and Defendants have not explicitly addressed such a claim.

and stated—in a conclusory manner—"all claims alleged or attempted to be alleged against defendant Terry Larabee must be dismiss [sic]." Defs.' Mem. [12] at 5.  Defendants failed, however, to expressly argue that qualified immunity applies to the race and sex claims or explain how prohibitions against race and sex discrimination are not clearly established. Kornegay understandably concluded from this that "defendants do not contend that Terry Larabee is entitled to qualified immunity on Kornegay's racial and sexual discrimination claims." Pl.'s Resp. [16] at 7.  Although Defendants offer a more direct argument in reply, the Court concludes that the issue was not sufficiently raised in the first instance and is therefore denied without prejudice.

> D. First Amendment

Finally, Defendants argue that Kornegay's First Amendment retaliation claim should be dismissed based on *Garcetti v. Ceballos*, 547 U.S. 410 (2006).  The right at issue is the First Amendment right of public employees to speak as citizens on matters of public concern. *See Pickering v. Bd. of Ed. of Twp. High Sch. Dist.*, 391 U.S. 563, 568 (1968).  "Nevertheless, a citizen who accepts public employment 'must accept certain limitations on his or her freedom.'" *Borough of Duryea, Pa. v. Guarnieri*, ___ U.S. ___, 131 S. Ct. 2488, 2494 (2011) (citing *Garcetti,* 547 U.S. at 418).  Thus, to state a *prima facie* First Amendment retaliation case, Kornegay must show that "(1) [she] suffered an adverse employment action; (2) [she] spoke as a citizen on a matter of public concern; (3) [her] interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action." *Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007) (internal quotations and citation omitted).

In *Garcetti v. Ceballos*, the United States Supreme Court added a threshold question to this analysis by asking whether the public employee spoke pursuant to his or her official duties. 547 U.S. at 421. The Court found that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." *Id*. This threshold issue is the heart of Defendants' motion to dismiss.[2]

The Court in *Garcetti* explained that "[r]estricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties . . . ." 547 U.S. at 421. "Under *Garcetti*, we must shift our focus from the content of the speech to the role the speaker occupied when he said it." *Davis*, 518 F.3d at 312. So the legal issue is whether Kornegay spoke as a citizen or pursuant to her duty as an assistant principal of exceptional education. "[T]he inquiry is a 'practical one,' and the controlling factor is whether the plaintiff's expressions were made pursuant to one of the numerous duties for which the plaintiff was employed." *Elizondo v. Parks*, 431 F. App'x 299, 2011 WL 2534363, at *4 (5th Cir. June 27, 2011) (citing *Garcetti,* 547 U.S. at 421, 424). Such is the case when the "speech [is] *required* by one's position as an employee." *Nixon*, 511 F.3d at 498 (citing *Williams v. Dall. Indep. Sch. Dist.*, 480 F.3d 689, 693 (5th Cir. 2007) ("Job-required speech is not protected.")).

Speech not necessarily required may still fall within the employee's duties, if the "[a]ctivities undertaken in the course of performing one's job are activities pursuant to official duties." *Williams*, 480 F.3d at 693. This test "distinguish[es] between speech that is the kind of activity engaged in by citizens who do not work for the government and activities undertaken in

---

[2]Though not raised by the parties, the Court finds the *Garcetti* question is a question of law. *See Watts v. City of Jackson*, ___ F. Supp. 2d ___, Civ. Action No. 3:09cv146-DPJ-FKB, 2001 WL 5122609, at 2–3 (S.D. Miss. Oct. 28, 2011).

the course of performing one's job." *Davis*, 518 F.3d at 312–13 (citation and internal quotation marks omitted).  The latter form of speech receives no constitutional protection.

Turning to Kornegay's Complaint, paragraphs 15 and 16 set forth the allegations supporting her retaliation claim.

> 15.  Prior to becoming interim superintendent of the school district, Larabee was the district's director of Exceptional Education Services.  At that time, the district's superintendent was Charlie Kent, who is an African-American.  Kornegay had complained to Kent and her principal that Larabee was retaliating against her because she refused to violate federal law by removing at Larabee's direction the personal assistant of a student child whose Individual Educational Plan (hereinafter "IEP") provided that the student would have a personal assistant.
>
> 16.  Upon information and belief, Kornegay's position of assistant principal was not eliminated as a result of the reduction in force.  Kornegay was not hired for the vacant positions due to her race and in retaliation for reporting to the superintendent that Larabee was retaliating against her for refusing to break federal law by unilaterally changing a child's IEP.

Pl.'s Compl. [1] at 4.  Under the *Garcetti* standard, Kornegay's claim cannot survive Rule 12(b)(6) review.  *See Saenz v. Dall. Cmty. Coll. Dist.*, Civ. Action No. 3:10-cv-742-O, 2011 WL 1935742, at *9 (N.D. Tex. May 16, 2011) (applying *Garcetti* and granting motion to dismiss); *Simonelli v. Fitzgerald*, Civ. Action Nos. SA-07-CA-360, SA-08-CA-648, 2009 WL 3806489, at *7 (W.D. Tex. Oct. 22, 2009) (same); *Alexander v. Brookhaven Sch. Dist.*, Civ. Action No. 3:07cv640-DPJ-JCS, 2009 WL 224902, at *3 (S.D. Miss. Jan. 28, 2009) (dismissing First Amendment retaliation claim under *Garcetti* where teacher reported another teacher's allegedly unlawful conduct and spoke to parents of involved children).  Kornegay disagreed with Larabee's direction regarding a student and complained to school officials.  She never claims in her Complaint to have acted as a citizen.

In her Response, Kornegay relies on *Houlihan v. Sussex Technical School District*, but that case supports dismissal of her First Amendment retaliation claim.  461 F. Supp. 2d 252 (D. Del. 2006).  There, a school psychologist alleged discharge in retaliation for attempts to make the school district comply with Individuals with Disabilities Education Act ("IDEA").  *Id.* at 256.  The court dismissed the plaintiff's First Amendment retaliation claim based on *Garcetti*, but allowed her claim under the retaliation provision of the Rehabilitation Act to proceed.  *Id.* at 259–60.  Kornegay asserts no violation of the Rehabilitation Act or the IDEA, but asks the Court to allow her to amend her Complaint to add such claims.  Pl.'s Resp. [16] at 5.  If Plaintiff wishes to amend her Complaint, she must file a motion seeking leave to do so.  A request to amend buried in a response to a motion to dismiss is improper under Local Rule 7(b)(3)(C).[3]

Finally, because there was no First Amendment violation, there is no such claim against Larabee in his official or individual capacity.  Regardless, the claim was not clearly established, and qualified immunity would therefore exist as to the individual-capacity claim.

IV.     Conclusion

Based on the foregoing, Defendants' motion is granted in part and denied in part.  Plaintiff's First Amendment retaliation claim and state-law claims are dismissed as to all Defendants.  Plaintiff's Title VII claims are dismissed as to Defendant Larabee.

---

[3]If Plaintiff moves for leave to amend, she should likewise reference § 1983 with respect to her § 1981 claims.  *See Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989) (holding that "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units").  It is clear from Defendants' submissions that they addressed the issue under § 1983, but the pleadings would be cleaner with reference to § 1983.

The stay of this matter is lifted, and the parties are directed to contact Magistrate Judge F. Keith Ball to arrange for a case management conference.

**SO ORDERED AND ADJUDGED** this the 4th day of January, 2012.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE